LEE-MOORE OIL COMPANY v. TERRANCE V. CLEARY AND WIFE, LYNN L. CLEARY

No. 7611DC763

(Filed 4 May 1977)

Fixtures § 2; Bailment § 1— placing tanks and pumps on store premises — bailment

> An agreement between plaintiff and a store owner that plaintiff would install gasoline pumps, underground storage tanks and an air compressor on the store premises for the purpose of distribution of plaintiff's gasoline products and that plaintiff could remove such equipment if the store owner stopped purchasing gasoline from plaintiff created a mere bailment of the equipment; therefore, plaintiff was entitled to remove the equipment when defendants, who purchased the store after the owner's death without notice of the agreement, stopped buying gasoline from plaintiff, but plaintiff is liable to defendants for any damages to the realty caused by removal of the equipment.

APPEAL by plaintiff from *Pridgen, Judge.* Judgment entered 21 April 1976 in District Court, LEE County. Heard in the Court of Appeals 17 February 1977.

This is a civil action brought by plaintiff Oil Company to recover $1,668.00 for the alleged conversion by the defendants of certain equipment including gasoline pumps, storage tanks, and an air compressor upon the premises known as "Marley's Store" in Chatham County. Plaintiff alleged that there was an agreement with the former land owner that if the operator of

Marley's Store stopped purchasing gasoline from plaintiff, then plaintiff could remove these items of equipment from the premises; that defendants subsequently purchased Marley's Store and stopped buying gasoline from plaintiff; and that defendants have refused to allow plaintiff to remove the pumps, tanks, and air compressor.

Defendants denied in their answer that plaintiff had entered into any agreement with the previous owner of the store as alleged in the complaint. They alleged that even if such an agreement existed, it was not binding on them since the pumps, tanks, and air compressor had been affixed to the real property which was purchased by defendants without notice of any such agreement.

Plaintiff offered evidence tending to show that it or its predecessor corporation had placed its own tanks, pumps, and air compressor upon the premises at Marley's Store; that in 1969 it entered into an agreement with Junius Marley, a former owner of the store to install two gasoline pumps, a storage tank, and an air compressor; that it bought and installed the equipment and retained ownership thereof; that Henry Kimbrell inherited the store upon the death of Marley and sold it to defendants; and that Kimbrell told defendant Terrance Cleary that the pumps and the tank belonged to plaintiff. Defendants subsequently stopped buying gasoline from plaintiff and defendants refused to allow plaintiff to remove the aforesaid items of fuel dispensing equipment from the premises. The storage tanks are buried under the ground. The gasoline pumps are not bolted down but rather are attached to a cement slab by means of an electrical hook-up and a suction line leading to the storage tanks. The air compressor just sits on the ground behind the building and has an electrical connection and one air hose which runs through a copper tube to the front of the building and lies "barely under the ground" and is not deeply buried.

At the conclusion of plaintiff's evidence, the court directed a verdict for defendants. Plaintiff appealed.

*Gerald E. Shaw, for the plaintiff.*

*Ray F. Swain, for the defendants.*

MARTIN, Judge.

Plaintiff contends that the trial court erred in granting defendants' motion for a directed verdict. It argues, first of all, that the pumps and the air compressor were not attached to the realty in such a way as to become a part of the realty. In any event, even if the equipment is deemed to have been annexed to the realty, the plaintiff argues that each item of equipment in question is still removable as a trade fixture.

> "The rule with respect to the right to remove trade fixtures which have been attached to the land is intended to cover those cases in which a tenant installs such fixtures for use during his occupancy with the understanding, express or implied, that they may be removed." *Stephens v. Carter,* 246 N.C. 318, 320, 98 S.E. 2d 311, 312 (1957).

Neither Kimbrell nor defendants ever occupied the land as tenants. The equipment was installed while Marley owned the real property. Plaintiff may have had the right to remove the equipment, pursuant to its oral agreement with Marley, while Marley possessed the property. However, at Marley's death, Kimbrell inherited the property and conveyed it to defendants by deed which contained no exceptions as to figures.

> " 'Real fixtures' consist of things, originally chattels personal, which have been annexed to land, or to things permanently attached to land, by the owner of the chattels or with his assent, and with the intention to make the annexation permanent. All other annexations are 'personal fixtures.' " Webster, Real Estate Law in North Carolina, § 12, page 16.

In the absence of clear evidence indicating a contrary intention, it is presumed in this State that an owner-vendor who has attached an item of personalty to his own land intends to make it a real fixture. Thus, the vendee of the real property will be entitled to have it conveyed to him by deed pursuant to the contract as a part of the realty. Webster, *supra,* § 18, page 22. However, in the instant case, the question of title does not arise between vendor and vendee. The agreement that the plaintiff would install the equipment on the premises of Marley's Store for purpose of distribution of plaintiff's products created a mere bailment of the equipment.

A case almost identical to this case is *Standard Oil Co. of New York v. Dolgin*, 95 Vt. 414, 115 Atl. 235 (1921). There plaintiff had entered into a written lease with Healy and Allen, which provided, among other things, that the title to the gas tank in question would remain in plaintiff but Healy and Allen could use it for a nominal rent in handling plaintiff's petroleum products. The tank was installed in a shallow excavation and dirt filled in over the tank to lessen fire hazard and protect the tank. Healy acquired Allen's interest in the premises and then conveyed the premises to defendant without reserving the tank. Defendant refused to allow plaintiff to remove the tank and plaintiff brought an action in replevin. The trial court rendered judgment for plaintiff and the Supreme Court affirmed, saying:

> "As between the parties to the lease, its character and ownership remained unchanged. The plaintiff has never parted with its title or consented to a change in the character of the property, unless such a result follows from the method of installation and subsequent conveyance of the real estate. The rule of law governing such cases is easily stated, though not always easily applied. It is this: The annexation by a bailee to his own real estate of personal property bailed, with or without the knowledge and consent of the bailor, does not change the character of the property, and the bailor may recover it of the bailee's grantee, even though the latter be an innocent purchaser, unless the annexation is of such a character that the identity of the chattel is thereby lost, and it cannot be removed without substantial injury to itself or the real estate. The purpose and intention of the installation are incidentally involved, but the ultimate tests are as above stated. . . .
>
> . . . If the identity of the property is lost, as where bricks are built into a building, stone laid in a wall or walk (citations omitted), it becomes a part of the real estate. In determining this question, the intention of the party in making the attachment and the damage involved in its removal are for consideration." *Standard Oil Co. of New York v. Dolgin, supra* at 415, 115 Atl. at 236.

The court further affirmed the trial court in submitting to the jury an issue on the amount of damages to which defendant was entitled as the result of removing the tank from the excava-

tion made when it was installed. The case of *Stephens v. Carter, supra,* cited by defendant in his brief is clearly distinguishable on its facts.

We hold that plaintiff is entitled to remove the tank in question but is liable to defendant for such damages as the jury might find defendant sustained in its removal. The same principle is equally applicable to the pumps and compressor.

Plaintiff seeks damages for the conversion of its property by defendant in refusing to allow plaintiff to remove the items sought to be recovered. It is entitled to those damages, if any there be.

Reversed and remanded.

Judges MORRIS and VAUGHN concur.